[No. D033316. Fourth Dist., Div. One. Apr. 18, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES PALMORE, Defendant and Appellant.

**COUNSEL**

David M. McKinney, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle Marie Boustany and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KREMER, P. J.**—A jury convicted James Palmore of forcible rape (Pen. Code,[1] § 261), forcible sodomy (§ 286), and robbery (§ 211). The jury found true the special allegation that Palmore committed the rape and sodomy offenses during the commission of a burglary of a commercial establishment, which was then closed to the public (§ 667.61, subds. (b), (c) & (e)(2)). The court sentenced him to prison for 15 years to life for the rape offense and imposed consecutive sentences of eight years for sodomy, five years for robbery, and one year for an admitted prison prior.

---

[1]All statutory references are to the Penal Code unless otherwise specified.

On appeal, Palmore contends: (1) the court's instruction on the special allegation to the sex offenses failed to inform the jury that the commercial establishment had to be closed to the public when the burglary was committed; (2) the sentence for robbery must be stayed pursuant to section 654; and (3) the evidence was insufficient to prove he entered the premises with the intent to commit a theft. We affirm the judgment.

### FACTS

Barbara H. was an assistant manager at a Wendy's restaurant in Vista. She arrived for work at approximately 6:50 a.m. to prepare the restaurant for its 10:00 a.m. Sunday morning opening. She was the first to arrive and entered the restaurant with her manager's key. When she opened a set of double doors next to a broom closet, Palmore jumped out and grabbed her. He shoved her into the office, demanded she open the safe, and threatened to kill her. Barbara retrieved two bags of money from the safe.

Palmore ordered Barbara to take off her clothes. He then forcibly sodomized and raped her. During the sexual assault, Palmore inflicted scratches and bruises on Barbara's face and body, twisted her neck and threatened to kill her. He left with the money shortly after 7:00 a.m.

At trial, Palmore and the prosecution disputed proposed instructions for the special allegation of commission of forcible sex crimes during a burglary of a building then closed to the public. The court instructed the jury that the elements of the special allegation were: "1. A person entered a building; and [¶] 2. At the time of the entry, that person had the specific intent to steal and take away someone else's property, and intended to deprive the owner permanently of that property; or [¶] [a]t the time of the entry, that person had the specific intent to commit the crime of Rape or Sodomy; and [¶] 3. The building, including any commercial establishment, was closed to the public at the time of the commission of the Rape or Sodomy." The trial court rejected Palmore's request to instruct the jury that the commercial establishment had to be closed to the public at the time of the commission of the burglary, that is, at the time of entry to the building with the intent to commit a felony. The jury found the special allegation true as to both the forcible rape and sodomy offenses.

### DISCUSSION

### I

*Jury Instructions for One Strike Circumstance*

 Palmore raises an issue of first impression regarding the statutory interpretation of section 667.61, subdivision (e)(2). Central to this case is

whether this special sentencing allegation requires the commercial establishment to be closed to the public at the time of the burglary.

### A

■ Principles of statutory interpretation in criminal cases are well settled: "A court should 'ascertain the intent of the Legislature so as to effectuate the purpose of the law.' [Citations.] In determining such intent, the court 'turns first to the words themselves for the answer' [citations], giving to them 'their ordinary and generally accepted meaning' [citation]. Moreover, 'the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole.' [Citation.] . . . Finally, we keep in mind that ' "[t]he defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute." ' [Citations.]" (*People v. Craft* (1986) 41 Cal.3d 554, 559-560 [224 Cal.Rptr. 626, 715 P.2d 585].)

### B

■ Section 667.61 "was enacted in 1994 as part of what is commonly known as the one strike law [citation]." (*People v. Jones* (1997) 58 Cal.App.4th 693, 703 [68 Cal.Rptr.2d 506].) The one strike law provides that a person who is convicted of specified sex offenses, including forcible rape and sodomy, shall be punished to an indeterminate term of either 15 or 25 years to life if there are one or more aggravating circumstances. (*Ibid.*; § 667.71, subds. (a), (b).) One special circumstance requiring a sentence of 15 years to life is: "the defendant committed [the sex offense] during the commission of a burglary . . . of a building, including any commercial establishment, which was then closed to the public." (§ 667.61, subd. (e)(2).)

Palmore contends that the phrase "which was then closed to the public" modifies the commission of the burglary and refers to the time of entry.[2] We disagree. The use of the term "during" in the clause "the defendant committed [the sex offense] *during* the commission of a burglary . . . of a . . . commercial establishment, which was then closed to the public" (§ 667.61, subd. (e)(2), italics added) indicates that the Legislature was using "burglary" in its colloquial rather than its strict legal sense. Burglary, for purposes of this special sentencing circumstance in the one strike statute,

---

[2]Because there was no evidence of forced entry or as to precisely when he entered Wendy's, Palmore claims instructional error requiring reversal. During closing argument, defense counsel theorized that Palmore entered Wendy's during business hours the evening before the incident, formed his criminal intent while dining at the restaurant, hid overnight in a closet or restroom, and then robbed, sodomized and raped Barbara the following morning.

means the entire course of illegal entry, commission of a felony and escape rather than the technical meaning of entry at a discrete time with intent to commit a felony. That being so, the commission of a specified sex offense during a burglary is within the statute if the business is closed when the sex offense is committed.

## C

Reading the disputed provision within the context of the one strike sentencing scheme also compels this interpretation. The one strike law was enacted to ensure serious and dangerous sex offenders would receive lengthy prison sentences upon their first conviction. (See Sen. Com. on Judiciary, Analysis of Sen. Bill No. 26 (1993-1994 1st Ex. Sess.) as amended May 4, 1994, p. 15.) Section 667.61 mandates indeterminate sentences of 15 or 25 years to life where the nature or method of the sex offense "place[d] the victim in a position of *elevated vulnerability*." (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 26 (1993-1994 1st Ex. Sess.) as amended May 25, 1994, pp. 2-3, italics added.) Circumstances that elevate a victim's vulnerability and fall within the one strike statutory scheme include sex offenses where the attacker: kidnapped the victim (§ 667.61, subd. (e)(1)), inflicted great bodily injury on the victim (§ 667.61, subd. (e)(3)), used a dangerous or deadly weapon in the commission of the sex offense (§ 667.61, subd. (e)(4)), tied or bound the victim (§ 667.61, subd. (e)(6)), administered a controlled substance to the victim by force or fear (§ 667.61, subd. (e)(7)), or, as in the circumstance at issue here, committed the offense during the commission of a burglary of a commercial building, "which was then closed to the public" (§ 667.61, subd. (e)(2)).

It is beyond dispute that where a sex offense occurs in a commercial establishment during hours it is closed, the lone victim is far more vulnerable than if the business were open. The victim is isolated, and his or her cries for help are less likely to be heard by others. This isolation may embolden the perpetrator to prolong the attack, further increasing the victim's vulnerability.

In contrast, the precise time that a perpetrator enters a commercial building in the commission of a burglary has *no* direct impact on the victim's vulnerability during a subsequent sexual assault. The interpretation of the statute urged by Palmore is inconsistent with the Legislature's intent to more harshly punish perpetrators of forcible sex offenses where additional circumstances increase the victim's vulnerability. (See Assem. Com. on Public Safety, Analysis of Sen. Bill No. 26, *supra*, as amended May 25, 1994, pp. 2-3.)

We conclude that the special circumstance contained in section 667.61, subdivision (e)(2), requires that the sex offense be committed when the commercial establishment is closed to the public. The statute does not refer to the time when the entry with felonious intent occurs. The trial court properly instructed the jury.

II

*Section 654*

Palmore contends that the trial court impermissibly sentenced him to consecutive sentences of five years for the robbery offense and 15 years to life for forcible rape pursuant to the one strike sentencing allegation contained in section 677.61, subdivisions (b), (c) and (e)(2). Palmore contends that jury's true finding of burglary on the one strike allegation was premised on a finding that he had entered Wendy's to commit a theft. He claims the robbery was "the predicate offense of the burglary," and therefore he cannot be sentenced for both robbery and the special circumstance contained in section 667, subdivision (e)(2). We disagree.

Section 654 prohibits multiple punishment for an indivisible course of conduct, that is where the defendant committed more than one offense incident to a single criminal objective. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208, 1216 [23 Cal.Rptr.2d 144, 858 P.2d 611].) The defendant's intent and objective determine whether the course of conduct is indivisible. (*People v. Harrison* (1989) 48 Cal.3d 321, 335 [256 Cal.Rptr. 401, 768 P.2d 1078].) "[I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once." (*Ibid.*) The determination of a defendant's intent and objective is a factual matter for the trial court to determine. (*People v. Osband* (1996) 13 Cal.4th 622, 730-731 [55 Cal.Rptr.2d 26, 919 P.2d 640].) We must affirm if substantial evidence supports a trial court's express or implied determination that punishment for crimes occurring during a course of conduct does not involve dual use of facts prohibited by section 654. (*People v. Osband, supra,* 13 Cal.4th at pp. 730-731.)

Here, the rape of Barbara was one crime. As discussed *ante,* the section 667.61, subdivision (e)(2) circumstance, that the rape occurred during the burglary of a commercial building then closed to the public, goes to the nature and seriousness of the sex offense due to the victim's increased

vulnerability. Section 654 does not apply because the section 667.61, subdivision (e)(2) circumstance, like an enhancement, does not define an offense but instead increases the punishment for the underlying substantive crime, here a sex offense. (See *People v. Myers* (1997) 59 Cal.App.4th 1523, 1530 [69 Cal.Rptr.2d 889]; *People v. Warinner* (1988) 200 Cal.App.3d 1352, 1355 [247 Cal.Rptr. 197]; *People v. Parrish* (1985) 170 Cal.App.3d 336, 344 [217 Cal.Rptr. 700].) The forcible rape offense with its one strike sentencing allegation is not identical to the robbery count. Palmore's criminal intent and objectives were different in carrying out these crimes, and there was no double punishment under section 654.

### III

### *Intent to Commit Theft*

█ Palmore contends there was insufficient evidence at trial that he entered Wendy's intending to commit a theft. █ In cases where a defendant challenges the sufficiency of the evidence on appeal, "we review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] In cases in which the People rely primarily on circumstantial evidence, the standard of review is the same. [Citations.]" (*People v. Thomas* (1992) 2 Cal.4th 489, 514 [7 Cal.Rptr.2d 199, 828 P.2d 101].)

"Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court, which must be convinced of the defendant's guilt beyond 'a reasonable doubt. ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment." ' [Citations.]" (*People v. Bean* (1988) 46 Cal.3d 919, 933 [251 Cal.Rptr. 467, 760 P.2d 996].)

█ Here, Palmore wore a scarf around his head, dark clothing and gloves, indicating he entered Wendy's with felonious intent. and did not suddenly form it while seated in the restaurant eating his dinner the night before the incident. When he encountered Barbara, he immediately demanded money. Despite the lack of evidence as to the exact time Palmore

entered Wendy's, the record on appeal contains sufficient circumstantial evidence to justify the jury's determination that Palmore entered the restaurant with the intent to steal money from the office safe.

## DISPOSITION

Judgment affirmed.

Nares, J., and Haller, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 16, 2000.