[No. G045098. Fourth Dist., Div. Three. Sept. 18, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
JORGE LUNA, Defendant and Appellant.

## Counsel

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Kelley Johnson, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**FYBEL, J.—**

## I.

### Introduction

A jury convicted Jorge Luna of one count of kidnapping (Pen. Code, § 207, subd. (a) [count 1]),[1] one count of rape (§ 261, subd. (a)(2) [count 2]), and one count of aggravated assault (§ 245, subd. (a)(1) [count 3]). As to count 2, the jury found true the allegation Luna kidnapped the victim "in the commission of" rape pursuant to section 667.61, subdivisions (b) (section 667.61(b)) and (e)(1) (section 667.61(e)(1)). Based on the jury's true finding, the trial court sentenced Luna to prison for an indeterminate term of 15 years to life on count 2 pursuant to section 667.61(b). The trial court imposed a consecutive two-year term on count 3 and stayed execution of sentence on count 1 pursuant to section 654.

Luna's appeal from the judgment is limited to challenging the jury's true finding on the allegation under section 667.61(e)(1) and the resulting 15-year-to-life sentence on count 2 imposed under section 667.61(b). Luna contends

---

[1] All code references are to the Penal Code.

that to impose the indeterminate sentence under section 667.61(b), section 667.61(e)(1) required the jury to find he kidnapped the victim with the intent to rape her, and the trial court's instruction did not require the jury to make that finding.

■ We disagree and affirm the judgment. We hold section 667.61(e)(1) does not require a finding the defendant kidnapped the victim with the intent to commit a sexual offense against that victim in order to impose the indeterminate, heightened sentence under section 667.61(b). The plain language of section 667.61(e)(1) requires a finding only that the defendant kidnapped the victim of the sexual offense. The legislative history and purpose of section 667.61 support our interpretation. The jury instruction given on the enhancement allegation under section 667.61(e)(1) therefore was not erroneous, and the trial court did not err by imposing an indeterminate sentence of 15 years to life under section 667.61(b).

## II.

### Facts

On May 17, 2007, A.R., who was a student at Anaheim High School, told Luna over the phone that she wanted to end their two-year-long romantic relationship. He responded by telling her if she "wasn't his, then [she] was no one's." About 7:50 a.m. on May 18, 2007, Luna appeared on the high school campus and confronted A.R. When she refused to go with him, he grabbed her by the wrist and walked away from the school with her.

Luna led A.R. off campus into an alley just past an apartment complex. There, he repeatedly hit her and told her he would throw her dead body into a nearby trash bin. Luna choked A.R., but stopped before she lost consciousness. He led her to another apartment complex and into an elevator, where he told her to choose the floor on which she wanted to die. She was unresponsive, so Luna pushed the button for the penthouse. After arriving on that floor, Luna led A.R. out of the elevator and onto a balcony.

A.R. feared Luna would push her over the balcony rail, so she apologized for ending their relationship and asked if they could try to "work things out." Assuaged, Luna asked if she would like to return to school. She said yes. He told her, "there's one thing that we're going . . . to do before I let you go back to school." He then took her into a stairway and raped her. A.R. reported the incident to the police shortly after Luna took her back to school.

■■■■■■■

## III.

### SECTION 667.61(e)(1) DID NOT REQUIRE A FINDING LUNA KIDNAPPED A.R. WITH THE INTENT TO RAPE HER FOR THE TRIAL COURT TO IMPOSE THE INDETERMINATE SENTENCE OF SECTION 667.61(b).

#### A. Statutory Framework and Jury Instruction

■ Section 667.61, often called the "One Strike" law, was enacted to ensure that serious sexual offenders receive long prison sentences regardless whether they have any prior criminal convictions. (*People v. Wutzke* (2002) 28 Cal.4th 923, 926, 929 [123 Cal.Rptr.2d 447, 51 P.3d 310].) Section 667.61(b) provides in relevant part: "[A]ny person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 15 years to life." Section 667.61, subdivision (c)(1) (section 667.61(c)(1)) includes "[r]ape, in violation of paragraph (2) or (6) of subdivision (a) of Section 261" as a specified offense.

Section 667.61, subdivision (e) provides in relevant part: "The following circumstances shall apply to the offenses specified in subdivision (c): [¶] (1) Except as provided in paragraph (2) of subdivision (d),[2] the defendant kidnapped the victim of the present offense in violation of Section 207, 209,[3] or 209.5. [¶] (2) . . . [T]he defendant committed the present offense during the commission of a burglary . . . . [¶] (3) The defendant personally used a dangerous or deadly weapon or a firearm in the commission of the present offense . . . . [¶] . . . [¶] (5) The defendant engaged in the tying or binding of the victim or another person in the commission of the present offense. [¶] (6) The defendant administered a controlled substance to the victim in the commission of the present offense . . . ."

Section 207, subdivision (a) provides: "Every person who forcibly, or by any other means of *instilling fear*, *steals or takes*, *or holds*, *detains*, *or arrests* any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping."

---

[2] Section 667.61, subdivision (d)(2) (section 667.61(d)(2)) provides: "The defendant kidnapped the victim of the present offense and the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying offense in subdivision (c)."

[3] Section 209, subdivision (b)(1) provides in relevant part: "Any person who kidnaps or carries away any individual to commit . . . rape . . . shall be punished by imprisonment in the state prison for life with the possibility of parole."

As to the allegation under section 667.61(e)(1), the trial court instructed the jury with a modified version of CALCRIM No. 3179,[4] as follows: "If you find the defendant guilty of the crime charged in Count 2, Forcible Rape, you must then decide whether the People have proved the additional allegation that the defendant kidnapped A[.]R. [¶] To decide whether the defendant kidnapped A[.]R., please refer to the separate instructions that I have given you on kidnapping (see CALCRIM 1215). You must apply those instructions when you decide whether the People have proved this additional allegation. [¶] The People have the burden of proving this allegation beyond a reasonable doubt. If the People have not met this burden, you must find that the allegation has not been proved." The jury found to be true the allegation "the Defendant kidnapped A[.]R. in the commission of the above offense pursuant to Penal Code 667.61(b)/(e)(1)."

## B. Plain Language

■ The goal of statutory construction is to ascertain and give effect to the Legislature's intent. (*People v. Cochran* (2002) 28 Cal.4th 396, 400 [121 Cal.Rptr.2d 595, 48 P.3d 1148].) " 'In construing a statute, our first task is to look to the language of the statute itself. [Citation.] When the language is clear and there is no uncertainty as to the legislative intent, we look no further and simply enforce the statute according to its terms. [Citations.] [¶] Additionally, however, we must consider the [statutory language under scrutiny] in the context of the entire statute . . . and the statutory scheme of which it is a part. "We are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' [Citations.]" [Citations.]' " (*People v. Mancebo* (2002) 27 Cal.4th 735, 743 [117 Cal.Rptr.2d 550, 41 P.3d 556].)

■ The plain language of section 667.61(e)(1) is unambiguous and certain. In pertinent part, it states that a circumstance subjecting a defendant to an indeterminate sentence under section 667.61(b) is "the defendant kidnapped the victim of the [rape under section 261, subdivision (a)(2)] in violation of Section 207 . . . ." (§ 667.61(e)(1).) On its face, section 667.61(e)(1) does not require intent to commit rape or that the kidnapping be committed with the intent to commit rape. The offenses identified in section 667.61(e)(1) include both kidnapping (§ 207) and kidnapping for the purpose of carrying out a sex offense (§ 209, subd. (b)). If the Legislature had intended to limit section 667.61(e)(1) to kidnapping with the intent or for the purpose of committing a sex offense, it would have excluded the reference to section 207.

---

[4] The instruction given to the jury did not substantively modify CALCRIM No. 3179.

■ Read together, and as relevant to this case, section 667.61(b), (c)(1), and (e)(1) provide that a defendant who is convicted of rape "under . . . the circumstance[]" (§ 667.61(b)) that "the defendant kidnapped the victim" (§ 667.61(e)(1)) is subject to an indeterminate sentence of 15 years to life. Luna's convictions for kidnapping under section 207, subdivision (a) and rape under section 261, subdivision (a)(2), for acts committed against the same victim, meet the requirements for punishment under section 667.61(b).

*People v. Jones* (1997) 58 Cal.App.4th 693 717 [68 Cal.Rptr.2d 506] (*Jones*) supports our construction of section 667.61(e)(1). The defendant in *Jones* was sentenced under the One Strike law based on the circumstance identified in section 667.61(d)(2). He argued his sentence under the One Strike law was erroneous because he did not kidnap the victim with the intent to commit the sexual offense. (*Jones, supra,* at p. 716.) The court rejected his claims, stating that "[n]othing in this definition explicitly requires that the defendant kidnap the victim for the purpose of committing the sexual offense. It would appear the circumstance would apply if the defendant commits the sexual offense, then, as an afterthought, kidnaps the victim; or if the defendant kidnaps the victim for another purpose, e.g., to commit robbery, then, as an afterthought, commits the sexual offense . . . ." (*Id.* at p. 717.)

Luna contends he kidnapped A.R. for another purpose—to commit murder—then, as an afterthought, raped her. This is precisely the situation contemplated by the court in *Jones, supra,* 58 Cal.App.4th at page 717, to fall within the definition of section 667.61. While *Jones* analyzed sentencing under section 667.61(d)(2), the analysis under section 667.61(e)(1) is not different in any material way. Section 667.61(d)(2), quoted in footnote 2 above, does not require that the defendant kidnap the victim with the intent or for the purpose of committing the sexual offense; section 667.61(e)(1) too makes no such requirement.

■ A comparison between section 667.61(e)(1) and subparts (2), (3), (5), and (6) of subdivision (e) also supports our interpretation. Unlike section 667.61(e)(1), subparts (2), (3), (5), and (6) of subdivision (e), each require that the defendant engaged in a particular act while "in the commission of the [sex] offense" or that the defendant "committed the [sex] offense during the commission" of a specified offense. (§ 667.61, subd. (e)(3), (5) & (6); *id.,* subd. (e)(2).) In contrast, section 667.61(e)(1) does not expressly state the defendant must have committed the sex offense during the commission of kidnapping or committed the kidnapping with the intent to commit a sex offense against the same victim.

■ This difference in language demonstrates the Legislature knew how to require a relationship or nexus between the sex offense and the circumstance

identified in section 667.61, subdivision (e) when it wanted to create one. If the Legislature had intended to draft section 667.61(e)(1) to mean the defendant must have kidnapped the victim with the intent to commit a sex offense against the victim, the Legislature could and would have done so. " 'It is a well recognized principle of statutory construction that when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded.' [Citations.]" (*Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 725 [257 Cal.Rptr. 708, 771 P.2d 406].) Section 667.61(e)(1) requires only that the defendant kidnapped the rape victim, and does not require a finding the defendant kidnapped the victim with the intent of also raping the victim, to impose the 15-year-to-life sentence of section 667.61(b).

Even if section 667.61(e)(1) requires the sex offense be committed during the commission of the kidnapping (or vice versa), any error in the jury instruction given in this case was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824].) Although the jury instruction did not inform the jury it had to decide whether the rape occurred during the commission of the kidnapping, on the verdict form, the jury expressly found that Luna kidnapped A.R. "in the commission of the above offense pursuant to Penal Code 667.61(b)/(e)(1)." The "above offense" referred to on the verdict form was rape in violation of section 261, subdivision (a)(2).[5] The evidence overwhelmingly supported that finding; indeed, Luna does not dispute it.

## C. Legislative History and Purpose

Luna argues a literal interpretation of section 667.61(b) and (e)(1) would frustrate the Legislature's purpose and lead to absurd results. He argues we should "look beyond the plain language of the statute" and "recognize that the Legislative history of the statute reveals an intent to punish with indeterminate terms only sexual predators who kidnap their victim[s] to commit an enumerated sexual offense . . . ." The legislative history and purpose of section 667.61, in general, and section 667.61(e)(1), in particular, support our interpretation.

### 1. *Legislative History of Section 667.61(e)(1)*

■ A court "need not follow the plain meaning of a statute when to do so would 'frustrate[] the manifest purposes of the legislation as a whole or [lead]

---

[5] Section 261, subdivision (a)(2) provides: "Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances: [¶] . . . [¶] . . . Where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person or another."

to absurd results.' [Citations.]" (*California School Employees Assn. v. Governing Board* (1994) 8 Cal.4th 333, 340 [33 Cal.Rptr.2d 109, 878 P.2d 1321].) Yet, "[i]f there is no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said, and we need not resort to legislative history to determine the statute's true meaning." (*People v. Cochran, supra,* 28 Cal.4th at pp. 400–401.)

Although we find no ambiguity or uncertainty in the language of section 667.61(e)(1), we accept Luna's invitation to examine its legislative history. Luna argues that the legislative history shows the Legislature intended to "deter by harsher punishment those who would kidnap their victims with an intent to commit a sex offense." The legislative history does not support his interpretation of section 667.61(e)(1).

Section 667.61 was enacted in 1994 by Senate Bill No. 26X (1993–1994 1st Ex. Sess.) (Senate Bill No. 26X) and Assembly Bill No. 1029 (1993–1994 Reg. Sess.) (Assembly Bill No. 1029). (Stats. 1994, ch. 14, §§ 1–4, pp. 8570–8574; Stats. 1994, ch. 447, §§ 1–4, pp. 2412–2417.) Senate Bill No. 26X, as introduced on February 2, 1994, proposed amending various Penal Code sections concerning sex crimes and did not propose adding section 667.61 to the Penal Code. In May 1994, Senate Bill No. 26X was amended to propose adding section 667.61 to impose a 25-year-to-life sentence for a person convicted of rape or other sexual offenses "if one or more of the following circumstances is true." (Sen. Amend. to Sen. Bill No. 26X, May 4, 1994, § 8.) The amended Senate Bill No. 26X listed six circumstances, the second of which was "[t]he defendant kidnapped the victim of the present offense in violation of Section 207, 208, or 209." (Sen. Amend. to Sen. Bill No. 26X, May 4, 1994, § 8.) This proviso ultimately became section 667.61(e)(1).

The Assembly Committee on Public Safety's August 9, 1994 analysis of Senate Bill No. 26X described the bill as providing that "a defendant will receive an indeterminate enhancement of 25 years to life, if the offense was accomplished against the victim's will . . . and any one of the following factors are [*sic*] found to be true: [¶] . . . [¶] b) The defendant kidnapped the victim, as specified." (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 26X, as amended May 25, 1994, p. 1.) The Senate's August 26, 1994 floor analysis of Senate Bill No. 26X similarly described the bill as "creating an enhancement of 25-years-to-life for any person who is convicted of a felony violation of rape . . . where the violation occurs against the person's will by means of force . . . when any of the following is proved: [¶] . . . [¶] B. The defendant kidnapped the victim . . . ." (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill No. 26X, as amended Aug. 22, 1994, pp. 1, 2.)

Senate Bill No. 26X was amended by the Assembly on August 22, 1994. As to those amendments, the August 26, 1994 Senate floor analysis of Senate Bill No. 26X commented: "Assembly Amendments do the following: [¶] 1. Include kidnapping with the intent of committing a sex crime on the list of thos[e] offenses that require enhanced punishment and delayed parole." (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill No. 26X, as amended Aug. 22, 1994, p. 1.) The Assembly amendments to which that comment referred proposed amending section 667.71, which deals with habitual sex offenders. (Assem. Amend. to Sen. Bill No. 26X, Aug. 22, 1994, § 2.) The Assembly's August 22, 1994 amendments did not alter the part of Senate Bill No. 26X that was to become section 667.61(e)(1). (Compare Sen. Amend. to Sen. Bill No. 26X, May 25, 1994, with Assem. Amend. to Sen. Bill No. 26X, Aug. 22, 1994.)

Assembly Bill No. 1029 was drafted more narrowly than Senate Bill No. 26X. As of a January 19, 1994 amendment, Assembly Bill No. 1029 proposed adding section 268 to the Penal Code to impose a heightened sentence on any person who is convicted of committing sodomy or oral copulation only if the defendant (1) personally used a firearm or deadly weapon in committing the crime, or personally and intentionally inflicted or caused great bodily injury to a person other than an accomplice, *and* (2) "kidnapped the victim in committing the offense." (Assem. Amend. to Assem. Bill No. 1029, Jan. 19, 1994, § 1.) The Assembly's third reading analysis described Assembly Bill No. 1029 as "[p]rovid[ing] for a new offense with a life term for a person who does all of the following: [¶] a) Commits a specified forcible sex offense; and [¶] b) Actually kidnaps the victim to commit that forcible sex offense; and [¶] c) In committing that forcible sex offense either: (i) inflicts great bodily injury, or (ii) uses a firearm or deadly weapon." (Assem. 3d reading analysis of Assem. Bill No. 1029, as amended Jan. 27, 1994, p. 1.)

Assembly Bill No. 1029 then went to the Senate, where it was amended on April 4, 1994. The Senate Judiciary Committee's analysis of amended Assembly Bill No. 1029 described it as "creat[ing] a new offense with a life term for a person who does all of the following: [¶] a) Commits a specified forcible sex offense; and [¶] b) Kidnaps the victim in order to commit that forcible sex offense; and [¶] c) In committing that forcible sex offense either: (i) inflicts great bodily injury, or (ii) uses a firearm or deadly weapon." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1029, as amended Apr. 4, 1994, p. 2.) After Assembly Bill No. 1029 was amended by the Senate again in May 1994, the Senate Judiciary Committee's analysis of Assembly Bill No. 1029 described it as "creat[ing] a new offense with a life term for a person who does all of the following: [¶] a) Commits a specified forcible sex offense; and [¶] b) Kidnaps the victim or commits a burglary by means of forced entry in order to commit the sex offense; and [¶] c) In committing the

forcible sex offense either: (i) inflicts great bodily injury, or (ii) uses a firearm or deadly weapon." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1029, as amended May 16, 1994, p. 2.)

Assembly Bill No. 1029 and Senate Bill No. 26X became "double-joined" with each other and two other Assembly bills. (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill No. 26X, as amended Aug. 22, 1994, p. 3.) After May 16, 1994, Assembly Bill No. 1029 was heavily amended in the Senate so that, as of August 29, 1994, on the eve of enactment, it mirrored Senate Bill No. 26X and proposed adding section 667.61 to the Penal Code, with subdivision (e)(1) in virtually its present form.[6] (Sen. Amend. to Assem. Bill No. 1029, Aug. 29, 1994, § 1.) In other words, the version of Assembly Bill No. 1029 requiring kidnapping with the intent of committing a sex crime did not make it into the final, enacted version of section 667.61; the version of Senate Bill No. 26X requiring only that the defendant kidnap the victim became section 667.61(e)(1).

## 2. *Legislative Purpose for Section 667.61*

■ Section 667.61 "was enacted to ensure serious and dangerous sex offenders would receive lengthy prison sentences upon their first conviction." (*People v. Palmore* (2000) 79 Cal.App.4th 1290, 1296 [94 Cal.Rptr.2d 784].) Heightened sentences are intended when "the nature or method of the sex offense 'place[d] the victim in a position of *elevated vulnerability*.' [Citation.]" (*Ibid.*) "Circumstances that elevate a victim's vulnerability and fall within the one strike statutory scheme include sex offenses where the attacker: kidnapped the victim . . . ." (*Ibid.*)

This legislative purpose is in line with our plain reading of the statute. It is reasonable to conclude the Legislature determined a defendant who kidnaps the victim, an act that consistently places the victim in a position of elevated vulnerability, and commits a sexual offense against the same victim, should meet the requirements of a serious and dangerous sex offender under section 667.61. The defendant is a serious and dangerous sex offender whose actions place the victim in a position of elevated vulnerability. If the defendant targets the same victim for multiple dangerous and serious felonies, heightened punishment at the time of sentencing comports with legislative intent.

---

[6] As enacted, Assembly Bill No. 1029 added section 667.61(e)(1) to read: "Except as provided in paragraph (2) of subdivision (d), the defendant kidnapped the victim of the present offense in violation of Section 207, 208, 209, or 209.5." (Assem. Bill No. 1029, § 1.) The current version of section 667.61(e)(1) merely eliminates the reference to section 208.

## IV.

### DISPOSITION

The judgment is affirmed.

Aronson, Acting P. J., and Ikola, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 19, 2012, S205830.