Filed 11/5/13  P. v. Laurel CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOMINGO LAUREL,<br><br>    Defendant and Appellant. | H039164<br>(Santa Clara County<br>Super. Ct. No. CC948611) |

This case comes before this court for a second time; it follows this court's remand for resentencing in appellant's prior appeal H036416.[1]

A jury found appellant Domingo Laurel guilty of one count of forcible rape (Pen. Code, § 261, subd. (a)(2), count one), one count of kidnapping (§ 207, subd. (a), count two),[2] one count of assault with a deadly weapon (§ 245, subd. (a), count three), and one count of criminal threat (§ 422, count four).  As to count one, the jury found true the allegations that appellant kidnapped the victim and kidnapped the victim increasing the risk of harm.[3]  As to counts two and three, the jury found true the allegation that appellant

---

[1]    On June 5, 2013, we granted appellant's request to take judicial notice of the opinion in appellant's prior appeal.

[2]    All unspecified section references are to the Penal Code.

[3]    The jury found not true the allegation that in the commission of the rape, appellant personally used a dangerous and deadly weapon.

personally used a deadly or dangerous weapon during the commission of the offenses. The court sentenced appellant to 25 years to life in state prison.[4]

Appellant filed a timely notice of appeal on December 15, 2010. On May 25, 2012, this court issued a written opinion in which we held that the two-year sentence imposed by the trial court for the assault with a deadly weapon charge should have been stayed pursuant to section 654. Since the trial court had selected the sentence on this count as the principal term, we remanded the matter for resentencing.

On remand, on November 7, 2012, the trial court sentenced appellant to an indeterminate term of 25 years to life for count one. However, the court also imposed an indeterminate term of 15 years to life, which the court stayed pursuant to section "667.61(f) . . . and California Rule of Court 4.447." The trial court noted that the stay would "become permanent on defendant's service of the 25-to-life term, under section 667.61(A) and (D) of the Penal Code." In addition, the court sentenced appellant to four years for the kidnapping, consisting of the mitigated term of three years plus one year for the deadly weapon enhancement. This sentence was stayed pursuant to section 654. As to the assault with a deadly weapon count, the court imposed the mitigated term of two years, stayed pursuant to section 654 as mandated by this court's opinion in the prior appeal. For the criminal threats count, the court imposed the mitigated term of one year four months, to run concurrently with the 25 years to life sentence on count one.

Appellant filed a timely notice of appeal.

---

[4]     At the original sentencing hearing, the court sentenced appellant to 25 years to life on count one; on count two the court imposed the lower term of three years plus one year for the personal use of a deadly or dangerous weapon enhancement. However, the court stayed the sentence on this count pursuant to sections 667.61, subdivision (f) and 654. On count three the court imposed the lower term of two years; and for count four, a consecutive subordinate term of eight months (one third the midterm)—the determinate sentence on counts three and four to run concurrent with the indeterminate sentence on count one.

On appeal, appellant contends that the court erred by imposing two indeterminate terms for count one (rape). Respondent concedes the issue and does not oppose appellant's request to vacate the sentence that the court imposed under section 667.61, subdivision (b). We accept that concession.

## Discussion[5]

Noting that the jury found true a special allegation that appellant had kidnapped the victim under aggravated circumstances (§ 667.61, subd. (d)), the trial court imposed a term of 25 years to life on count one pursuant to section 667.61, subdivision (a). In addition, noting that appellant kidnapped the victim, the court imposed a term of 15 years to life pursuant to section 667.61, subdivision (b) on the same count. Citing section 667.61, subdivision (f) and California Rules of Court, rule 4.447 the court stayed the 15 to life sentence.[6]

Section 667.61 mandates indeterminate sentences for a number of sex offenses. Specifically, section 667.61 provides, as relevant to this case, "(a) Except as provided in subdivision (j), (*l*), or (m), any person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 25 years to life." Subdivisions (b) and (c) provide, "Except as provided in subdivision (a), (j), (*l*), or (m), any person who is convicted of an

---

[5]     We omit the facts underlying appellant's convictions because they are not relevant to the issues in this appeal.

[6]     California Rules of Court, rule 4.447 (hereafter rule 4.447) provides "No finding of an enhancement may be stricken or dismissed because imposition of the term either is prohibited by law or exceeds limitations on the imposition of multiple enhancements. The sentencing judge must impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and must thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay will become permanent on the defendant's service of the portion of the sentence not stayed."

offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 15 years to life. [¶] (c) This section shall apply to any of the following offenses: [¶] (1) Rape, in violation of paragraph (2) or (6) of subdivision (a) of Section 261."

Subdivision (d) of section 667.61 provides as one of the circumstances, "The defendant kidnapped the victim of the present offense and the movement of the victim substantially increased the risk of harm to the victim over and above that level of risk necessarily inherent in the underlying offense in subdivision (c)." Similarly, subdivision (e) provides as one the circumstances, "Except as provided in paragraph (2) of subdivision (d), the defendant kidnapped the victim of the present offense in violation of Section 207 [simple kidnapping], 209[kidnapping for ransom], or 209.5 [kidnapping in commission of carjacking]."

As can be seen, a defendant who kidnaps a victim of a qualifying offense is to be sentenced to 15 years to life, unless the kidnapping "substantially increased the risk of harm to the victim." In such a case, a 25 year to life sentence is mandated.

Here, as noted, the court sentenced appellant to both a 25 year to life term under section 667.61, subdivision (a) based on the jury finding true the allegations that appellant kidnapped the victim and kidnapped the victim increasing the risk of harm, and a 15 year to life term based on the jury finding true the allegation that appellant kidnapped the victim. The imposition of multiple sentences was erroneous.

In *People v. McQueen* (2008) 160 Cal.App.4th 27 (*McQueen*), the defendant was eligible for sentencing under section 667.61, subdivision (a) and under another sentence enhancement statute, section 667.71, subdivision (b).[7] The court concluded that the two

---

[7]     Section 667.71 provides enhanced sentences for "habitual sexual offenders," which the statute defines as "a person who has previously been convicted of one or more of the offenses specified in subdivision (c) and who is convicted in the present

4

statutes present "alternate sentencing schemes" for specified sex offenses.  (*Id.* at p. 36.)
Where a defendant is eligible for sentencing under both statutes, the *McQueen* court held,
the correct procedure is to "impose a sentence under both, but stay one of the sentences
pursuant to rule 4.447, rather than dismissing or striking the true findings attendant to the
stayed sentence . . . ."  (*Id*. at p. 38.)  The *McQueen* court concluded that this was "the
more rational approach because . . . it preserves the integrity of both sentencing schemes;
promotes clarity in sentencing; and avoids confusion with respect to the trial court's
exercise of discretion under section1385; avoids the risk that 'the used finding may be
invalidated' [citation] at some future time; and avoids any violations of the one strike
law's prohibition on striking special circumstances [citation]."  (*Ibid*.)[8]

    *McQueen* has no application here because it considered sentences imposed
pursuant to two separate statutes, which it described as separate sentencing schemes.
Here, appellant was sentenced under subdivision (a) of section 667.61 and then again
under subdivision (b) of the same statute for the same underlying substantive crime.
These subdivisions do not constitute separate "sentencing schemes"; they are parts of a
single statute that authorizes sentences of varying lengths for particular crimes committed

---

proceeding of one of those offenses."  Appellant has no prior convictions and was not eligible for sentencing under this statute.

[8]     We note that there is a split of authority among the Courts of Appeal on the procedure to be adopted when a defendant may be sentenced under both the One Strike law and the habitual sexual offender law.  In *People v. Snow* (2003) 105 Cal.App.4th 271 (*Snow*), Division One of the Fourth District Court of Appeal held "[t]he sentencing court in its reasonable discretion, with reasons stated on the record, must choose which of the section 667.61 or section 667.71 sentencing schemes is to be imposed [and] [t]he sentencing scheme not imposed is to be dismissed."  (*Id*. at p. 283.)  Taking a contrary view, in *People v. Lopez* (2004) 119 Cal.App.4th 355 (*Lopez* ), Division Two of the Fourth District Court of Appeal rejected the reasoning of *Snow,* and held that a defendant was not entitled to the striking of his sentence under the one strike law where he had been sentenced to a lengthier sentence under the habitual sexual offender law.  (*Lopez, supra,* at pp. 358, 361–364.)  The rationale set forth in *Lopez* was adopted by the First District Court of Appeal in *McQueen*, *supra*, 160 Cal.App.4th 27.

under specific circumstances. (See, e.g., *People v. Palmore* (2000) 79 Cal.App.4th 1290, 1295–1296.) It is the underlying substantive crime, not the attendant special circumstances, for which sentence is imposed. (*People v. Fuller* (2006) 135 Cal.App.4th 1336, 1343.) Basic principles of due process mandate that only one sentence may be imposed for each substantive crime. This remains true even if the substantive crime was committed under two or more of the "special circumstances" described in subdivisions (d) and (e). (*People v. Palmore, supra,* 79 Cal.App.4th at pp. 1297–1298.)

Subdivisions (a) and (b) of section 667.61 are not separate "sentencing schemes." They are part of a single statute that authorizes the trial court to impose a sentence of either 25 years to life or 15 years to life when a defendant is convicted of an enumerated sex offense committed under specified circumstances. (*People v. Acosta* (2002) 29 Cal.4th 105, 118 [one strike sentence is an *alternate* penalty for the underlying felony itself not an enhancement].) Sentencing a defendant under both subdivisions, regardless of the number of "circumstances" found true by the jury, results in multiple sentences for precisely the same crime. (See, e.g., *People v. Neely* (2009) 176 Cal.App.4th 787, 796–800; *People v. Palmore*, 79 Cal.App.4th at pp. 1295–1296.) This result violates basic principles of due process, the statutory prohibition on multiple punishment (§ 654), and the terms of the one strike statute itself.

Nothing in section 667.61 authorizes the practice of imposing multiple sentences for a single crime. To the contrary, subdivision (b) makes it quite apparent that the 15 year to life term it authorizes applies, "[e]xcept as provided in subdivision (a), (j), (*l*), or (m) . . . ." Each of those subdivisions authorizes a term that is longer than 15 years to life. In other words, the term of 15 years to life is to be imposed for a qualifying crime committed under specified circumstances, unless one of the longer terms established by the statute could be imposed. Had the Legislature intended for sentences to be imposed under both subdivision (a) and subdivision (b) for the same underlying crime, the limiting phrase, "Except as provided in subdivision (a) . . . [,]" would have been unnecessary. "It

6

is a settled principle of statutory construction[] that courts should 'strive to give meaning to every word in a statute and to avoid constructions that render words, phrases, or clauses superfluous.'  [Citations.]"  (*In re C.H.* (2011) 53 Cal.4th 94, 103.)

## *Disposition*

With respect to count one, we vacate the term imposed pursuant to section 667.61, subdivision (b).  In all other respects, the judgment is affirmed.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

PREMO, J.

8