Filed 6/13/16  P. v. Ames CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078611 |
| v. | (Super. Ct. No. 14F05255) |
| LEYTH WOLFGANG AMES, | |
| Defendant and Appellant. | |

A jury found defendant Leyth Wolfgang Ames guilty of one count of first degree residential burglary (Pen. Code, § 459),[1] one count of receiving stolen property (§ 496, subd. (a)), and one count of possession of burglary tools (§ 466).  The trial court sentenced defendant to prison for 2 years for first degree residential burglary, 2 years for receiving stolen property, and 30 days in county jail for possession of burglary tools.  The

---

[1]     Undesignated statutory references are to the Penal Code.

1

trial court stayed execution of defendant's sentence for receiving stolen property but ordered his 30-day sentence for possession of burglary tools to run concurrently to the sentences for the other counts.

On appeal, defendant contends the trial court erred by not staying execution of his sentence for possession of burglary tools pursuant to section 654. The People concede the error. We agree and accept the People's concession of error. Accordingly, we order the judgment amended to stay execution of defendant's sentence on count three -- possession of burglary tools. As amended, the judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

**A.**

*Factual Background*

In July 2014, Nathaniel Whaley and Volker Rademacher were living on Whitewood Drive in Carmichael, California. Whaley lived in the converted garage while Rademacher lived in the house. The converted garage and house are separated by a breezeway. There is a side door within the breezeway that leads into the kitchen of the house.

On July 31, 2014, at approximately 1:20 p.m., Rademacher was at work and Whaley was in his bedroom. At that time, Whaley heard a door in the house open. He looked through his window and saw two men walk out the side door of the house into the breezeway and towards the backyard.

After about 30 seconds, Whaley went to a neighbor's house to call 911. While on the phone with the 911 operator, Whaley saw the two men walk out the front door of the house. Whaley told the 911 operator both of the individuals, one on a bike and the other on foot, fled down Whitewood Drive in the direction of Robertson Avenue,

2

and after the two men reached Robertson Avenue, they turned right toward Garfield Avenue.

Sacramento County Deputy Sheriff Renny Rojo responded to the Whitewood Drive residence. When he arrived, Deputy Rojo went inside and noticed dust rings on a shelf containing collectible steins,[2] which indicated to him some of the steins had been removed from the collection. He then went into a bedroom and noticed the door had been forcibly removed from its hinges. Deputy Rojo testified the closet door in the bedroom was open and it appeared items had been pulled out of the closet and strewn about on the floor.

At approximately 1:23 p.m. on July 31, 2014, Fulton-El Camino Park Police Officer James Brown received a dispatch call regarding the burglary, which was near his location. As he approached the intersection of Whitney and Garfield Avenues, he saw a sheriff's canine unit with its lights and sirens on. Officer Brown followed the canine unit on Garfield Avenue. As they approached Robertson Avenue, Officer Brown saw a Caucasian male, later identified as defendant, walking. The canine unit radioed Officer Brown and asked him to detain defendant.

When Officer Brown approached defendant, he was walking at a very fast pace, sweating profusely, and was out of breath. Defendant identified himself as Leyth Ames. He was carrying a black backpack, and stated he was headed to a friend's house in Del Paso Heights, which Officer Brown found odd because Del Paso Heights was far away. When Officer Brown told defendant he was going to search him, defendant began looking back and forth across the street and leaning towards the direction of the street.

---

[2]     A stein is an ornamental beer mug that is usually sold as a souvenir or collectible. Rademacher testified he had about half a dozen beer steins.

Sensing defendant was about to flee, Officer Brown put defendant in a twist-lock control hold.

Whaley was driven to defendant's location where he identified defendant as one of the individuals who had broken into the Whitewood Drive residence. A search of the backpack defendant was carrying revealed, among other things, a pair of bolt cutters, gloves, a screwdriver, pliers, and steins. Rademacher identified the steins in the backpack as the ones missing from his house.

## B.

### *Procedural History*

Defendant was charged with one count of first degree residential burglary (§ 459), one count of receiving stolen property (§ 496, subd. (a)), and one count of possession of burglary tools (§ 466). Following a jury trial, defendant was found guilty of all three counts.[3] The trial court sentenced defendant to serve the low term of two years in prison for first degree residential burglary. The court "adopt[ed] the same sentence" for receiving stolen property but stayed it pursuant to section 654. The court also imposed a 30-day term in county jail for possession of burglary tools. Without explanation, the court ordered the sentence for this count to run concurrently to the sentence for the other counts.

Defendant filed a timely notice of appeal.

---

[3]    To find defendant guilty of possessing burglary tools, the jury was required to find defendant had on his person or in his possession a screwdriver, vise grip pliers, or other burglary instrument or tool, and had the felonious intent to use the burglary tools to break or enter into a building. (See § 466.)

DISCUSSION

Defendant contends the trial court erred by not staying execution of sentence for count three -- possession of burglary tools. According to defendant, the execution of sentence on count three should have been stayed pursuant to section 654 because all of the offenses with which he was charged were part of an indivisible course of conduct. The People concede the error. We agree and accept the People's concession of error.

Section 654 prohibits punishment for two offenses arising from a single act or an indivisible course of conduct. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208.) It provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other." (§ 654.) "[T]he purpose of section 654 'is to insure that a defendant's punishment will be commensurate with his [or her] culpability.' " (*Latimer, supra*, 5 Cal.4th at p. 1211.)

" ' "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." ' [Citation.]" (*People v. Capistrano* (2014) 59 Cal.4th 830, 885 (*Capistrano*).) "If, on the other hand, in committing various criminal acts, the perpetrator acted with multiple criminal objectives that were independent of and not merely incidental to each other, then he [or she] may be punished for the independent violations committed in pursuit of each objective even

5

though the violations were parts of an otherwise indivisible course of conduct." (*People v. Alvarado* (2001) 87 Cal.App.4th 178, 196.)

" 'It is [the] defendant's intent and objective, not temporal proximity of his [or her] offenses, which determine whether the transaction is indivisible.' " (*Capistrano, supra*, 59 Cal.4th at p. 886.)  " ' "The defendant's intent and objectives are factual questions for the trial court; [to permit multiple punishments,] there must be evidence to support [the] finding the defendant formed a separate intent and objective for each offense for which he [or she] was sentenced." ' [Citation.]" (*Ibid*.)  We review the trial court's determination regarding the applicability of section 654 for substantial evidence, and presume in support of the court's conclusion, the existence of every fact the court could reasonably have deduced from the evidence.  (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143; see also *People v. Osband* (1996) 13 Cal.4th 622, 730 [approving substantial evidence standard of review].)

When section 654 prohibits multiple punishments, the trial court must stay execution of sentence on the convictions that implicate multiple punishments.  (*People v. Correa* (2012) 54 Cal.4th 331, 337.)  The imposition of concurrent sentences is precluded by section 654 because under such a sentence, the defendant is deemed to be subjected to the term of both sentences although they are served simultaneously.  (*People v. Duff* (2010) 50 Cal.4th 787, 796.)

We conclude the trial court erred by not staying execution of defendant's sentence for possession of burglary tools.[4]  The trial court's implicit determination defendant acted

---

[4]    As an initial matter, we note the lack of an objection by defendant to the trial court's imposition of a concurrent sentence on the possession of burglary tools count does not constitute forfeiture of the section 654 issue.  "It is well settled . . . that the court acts 'in excess of its jurisdiction' and imposes an 'unauthorized' sentence when it erroneously stays or fails to stay execution of a sentence under section 654." (*People v.*

with multiple, independent criminal objectives is not supported by substantial evidence. The offenses committed by defendant were part of a single, indivisible course of conduct. There is no evidence in the record to support a finding defendant acted with multiple, independent criminal objectives in committing the burglary, receiving stolen property, and possessing burglary tools. On the record before us, it is apparent all of the offenses for which defendant was sentenced were incident to a single underlying objective -- theft of items from the Whitewood Drive residence. The tools in the backpack defendant was found carrying shortly after the burglary was reported to the police, including the bolt cutters, screwdriver and pliers, were a means of accomplishing or facilitating that objective. Accordingly, section 654 requires a stay of execution of defendant's sentence on count three -- possession of burglary tools. (See *People v. Palmore* (2000) 79 Cal.App.4th 1290, 1297 [" 'If all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once' "]; *People v. Ratcliffe* (1981) 124 Cal.App.3d 808, 817 ["If an offense is committed as a means of committing another offense, it is generally held that the defendant had one criminal intent or objective or that his [or her] criminal intent or objective in regard to one of the offenses was incidental to his [or her] intent in committing the other offense"].)

---

*Scott* (1994) 9 Cal.4th 331, 354, fn. 17.) Accordingly, a claim of error under section 654 is not subject to forfeiture principles.

DISPOSITION

The judgment is amended to reflect the execution of sentence on count three -- possession of burglary tools -- is stayed pursuant to Penal Code section 654.  As amended, the judgment is affirmed.[5]


/s/
HOCH, J.

We concur:



/s/
BLEASE, Acting P. J.



/s/
NICHOLSON, J.

---

[5] Because defendant's sentence on the misdemeanor possession of burglary tools count is not reflected in the abstract of judgment, no amendment of the abstract is necessary.