Filed 6/30/25  P. v. Martin CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JOHN MARTIN,<br><br>　　　Defendant and Appellant. | A170261<br><br>(San Francisco City & County<br>Super. Ct. Nos. 21011785,<br>SCN234759) |

### MEMORANDUM OPINION[1]

After a jury found John Martin guilty of first degree burglary (Pen. Code,[2] § 459; count I) and possession of burglary tools (§ 466; count II), he was sentenced to four years in state prison for count I, and a concurrent 180-day jail term for count II.  In this appeal, Martin argues that the trial court's purported failure to stay the sentence for count II violated section 654, which proscribes " 'multiple punishments for a single act or indivisible course of conduct.' "  (*People v. Ibarra* (2024) 106 Cal.App.5th 1070, 1083.)  We disagree and affirm the judgment accordingly.

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] All statutory references are to the Penal Code.

As a preliminary matter, the Attorney General contends the appeal is moot because appellant has already served his sentence and therefore no effective relief can be granted. (*People v. Travis* (2006) 139 Cal.App.4th 1271, 1280.) In his reply, Martin correctly notes that a "criminal case should not be considered moot where a defendant has completed a sentence where . . . the sentence may have 'disadvantageous collateral consequences.' " (*People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368–1369.) Although Martin does not identify with any specificity the disadvantageous collateral consequences he might face, we recognize that if Martin were to prevail on his claim, his record would suggest that in this case he engaged in a single criminal act instead of two. We therefore exercise our discretion to hear the appeal to give Martin the "opportunity to clear [his] name" to some degree. (*People v. Delong* (2002) 101 Cal.App.4th 482, 484.)

" 'Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination.' " (*People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1378.) "We must affirm if substantial evidence supports a trial court's express or implied determination that punishment for crimes occurring during a course of conduct does not involve dual use of facts prohibited by section 654." (*People v. Palmore* (2000) 79 Cal.App.4th 1290, 1297.) " 'We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence.' [Citation.] '[T]he power of an appellate court *begins* and *ends* with the determination as to whether, *on the entire record*, there is substantial evidence, contradicted or uncontradicted, which will support the determination, and when two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions

2

for those of the trial court. *If such substantial evidence be found, it is of no consequence that the trial court believing other evidence, or drawing other reasonable inferences, might have reached a contrary conclusion.'* " (*Ortiz*, at p. 1378.)

According to Martin, there is no evidence to suggest that he intended to burglarize any other property than the building he was caught burglarizing in this case, and thus, no substantial evidence supports a finding that the burglary and Martin's possession of burglary tools were two discrete acts. In support of this contention, he cites *People v. Castillo* (1990) 217 Cal.App.3d 1020. There, the defendant was found in possession of a screwdriver immediately after burglarizing a residence where the "deadbolt lock on the kitchen back door had been removed and there were pry marks, consistent with those made with a screwdriver, on the deadbolt lock of the front door." (*Id.* at p. 1022.) "The People . . . correctly concede[d]" in light of Castillo's conviction for burglary that "the sentence on Castillo's conviction for possessing a burglary tool should be stayed" under section 654. (*Castillo*, at p. 1023.)

However, unlike the screwdriver in *Castillo*, the metal rod Martin used to gain entry to the building he burglarized was not the only tool found in Martin's possession; Martin also possessed a window punch and a blowtorch. And although there was no evidence of the window punch or the blowtorch being used in the charged burglary, these are unusual items to carry and it is reasonable to infer under the circumstances that Martin possessed them for their potential to breach barriers to entering a building. Thus, the fact that Martin possessed potential burglary tools in excess of what he apparently needed for the charged burglary supports a reasonable inference that he possessed those tools with the intent to use them for other burglaries. Even

3

if other reasonable inferences might be drawn from the same facts, that "*is of no consequence*" on the applicable standard of review. (*People v. Ortiz, supra,* 208 Cal.App.4th at p. 1378.) For those reasons, we reject Martin's claim on its merits.

## DISPOSITION

We affirm.


SMILEY, J.


WE CONCUR:


BANKE, ACTING P. J.

LANGHORNE WILSON, J.


A170261
*People v. Martin*