Filed 8/11/16  P. v. Valcillo CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B266299 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA136550) |
| v. | |
| OLVIN ROLANDO VALCILLO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Raul Anthony Sahagun, Judge.  Affirmed.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

A court must instruct the jury that it cannot convict a defendant based on his or her uncorroborated out-of-court statements alone. There is a bracketed portion of CALCRIM No. 301 that instructs the jury on this principle, but the trial court in this case did not give that portion of the instruction. The trial court, however, did give CALCRIM No. 359, which instructs the jury on the same principle of law. We conclude that the defendant forfeited his argument of instructional error, and that any such error was harmless.

Under Penal Code section 667.61,[1] if a jury convicts a defendant of an enumerated substantive crime, the jury must also determine whether the People have adequately proven the factual circumstances, including here that the victim was under 14 years old, that bring the defendant under the "One Strike" sentencing scheme. The verdict form in this case did not include a separate finding that the victim was under 14 years of age. However, one of the elements of the enumerated substantive offense of which the jury convicted the defendant was that the victim was under the age of 14. For this reason, the parties stipulated at trial that the verdict form did not need to include a separate finding for the One Strike allegation that the victim was under the age of 14. We conclude that the trial court did not err in imposing the One Strike enhancement in the absence of a separate, additional finding that the victim was under the age of 14.

Therefore, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

Alondra C. was born in 2001. In August 2014 she lived in a three-bedroom house in Maywood, California. She shared a room with her mother. Yesenia Barajas and her boyfriend, Uriel Tovar, rented another room, and Olvin Rolando Valcillo rented the third.

---

[1] All statutory references are to the Penal Code.

On August 20, 2014, at 10:00 p.m., Alondra was on her bed using her cell phone. Her mother was not home, and Barajas and Tovar were watching a movie in their room. The door to her room opened and Alondra saw a person wearing a ski mask standing in the doorway, holding a knife. The masked individual approached Alondra and tightly wrapped the covers from the bed around her face, saying he was going to kill her. A struggle ensued, and Alondra fell from the bed to the floor. The masked individual pushed Alondra's head into the carpet while keeping the covers wrapped around her face, making it difficult for her to breathe. When she saw a knife in front of her face, she tried to grab it and she cut her hand.

During the struggle Alondra's shirt came up, and the masked individual groped her chest and sucked her breasts. At some point during the struggle her assailant's face became exposed. Alondra recognized the person as Valcillo. Valcillo ran from Alondra's room.

Meanwhile, Barajas heard a thump and screaming from the back of the house, where Alondra's room was located. Barajas looked out the window and saw Valcillo running outside the house and pulling up his shorts or his pants. She recognized Valcillo by his height and build. Barajas ran to Alondra's room, and found her crying, covered in blood, with her bra out of place. Barajas told Tovar to pursue Alondra's assailant. Tovar went outside the house and saw Valcillo a short distance away. After Alondra came outside and identified Valcillo as her attacker, Tovar instructed Valcillo to sit on the sidewalk.

Deputy Christopher Dimmitt and his partner responded. People who were gathered around Alondra indicated to the deputies that Valcillo, who was standing nearby, caused Alondra's injuries. Deputy Dimmitt approached Valcillo, and detained him after seeing scratches on his face. While in the patrol car, Valcillo said five or six times to Deputy Dimmitt, "It's okay. She's mine."

Alondra had stab wounds on her chest, behind her ear, and on her stomach. Her sternum was fractured. Lacerations on her hand, chest, stomach, ear, and face required stitches. Medical records indicated circular bruising on her left breast.

The People charged Valcillo with two crimes: (1) forcibly committing a lewd act upon child (§ 288, subd. (b)(1)); and (2) attempted willful, deliberate, and premeditated murder (§§ 187, subd. (a), 664). The People alleged with respect to count 1 that the following circumstances in section 667.61 applied: the victim was a child under 14 years of age and the defendant inflicted great bodily injury (§ 667.61 subds. (d)(6), (j)(1)); the victim was a child under 14 years of age and the defendant committed the substantive offense during a burglary (§ 667.61 subds. (e)(2), (j)(2)); and the victim was a child under 14 years of age and the defendant used a deadly weapon (§ 667.61 subds. (e)(3), (j)(2)). The People alleged with respect to count 2 that Valcillo personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a), and personally used a deadly and dangerous weapon within the meaning of section 1192.7, subdivision (c)(23).

At trial, the court instructed the jury with CALCRIM No. 301, which provides that the testimony of only one witness can prove any fact. The trial court did not give the bracketed portion of the instruction, which says, "[Except for the testimony of _____ <insert witness's name>, which requires supporting evidence [if you decide (he/she) is an accomplice],] . . . ."[2] (CALCRIM No. 301.) Valcillo did not object to the omission or ask the court to read the bracketed portion of the instruction.

The guilty verdict form for count 1 required the jury to find Valcillo "guilty of the crime of forcible lewd act upon a child, to wit, Alondra, a child under the age of 14 years . . . ." (Emphasis omitted.) The guilty verdict form also asked the jury to find true or not true the allegations that Valcillo (1) "personally inflicted great bodily injury on the victim," (2) "personally used a dangerous or deadly weapon," and (3) committed the offense "during the commission of a burglary." The verdict form did not ask the jury to find true or not true a separate allegation that Alondra was under the age of 14.

---

[2]     The bench notes for CALCRIM No. 301 state, "Insert the bracketed language if the testimony of an accomplice or other witness requires corroboration."

4

This omission was not the result of inadvertence or oversight. Counsel for Valcillo stipulated that the guilty verdict form for count 1, which already required the jury to find Alondra was under the age of 14 in order to convict him of forcibly committing a lewd act upon a child, did not need to ask the jury a separate question whether the allegation Alonda was under the age of 14 was true.

"Mr. DeRose [the deputy district attorney]: Counsel, do you stipulate that the verdict forms do not need to contain a separate finding beyond a guilty verdict in count 1? They do not need to contain a separate finding specifically as to the enhancements that the victim, Alondra, was under the age of 14?

"Mr. DiSabatino [counsel for Valcillo]: I'll stipulate to that.

"Mr. DeRose: People stipulate.

"The Court: Okay. That's fine.

"Mr. DiSabatino: Just for the record, I'm stipulating because the evidence presented at trial, at least a couple of times, [was], especially from Alondra, what her birth date was and how old she was; so the age is not an issue.

"Mr. DeRose: It is also in the medical records.

"Mr. DiSabatino: Right.

"The Court: Right, yeah. The only reason we're doing this is . . . since the conviction in count 1 would necessarily be that the victim is under . . . 14, counsel both agree that we need not have a separate finding that she was under 14 since she has to be that in order . . . for there to be a conviction."

The jury found Valcillo guilty on both counts, and found true all three of the One Strike sentencing allegations on the guilty verdict form for count 1 and all of the enhancements on count 2. The court sentenced Valcillo to life imprisonment without the possibility of parole on count 1, and life imprisonment on count 2, plus three years pursuant to section 12022.7, subdivision (a), and one year pursuant to section 12022, subdivision (b)(1). The judge stayed the sentence on count 2 pursuant to section 654. The court also imposed various fines and assessments, and awarded Valcillo custody credits. Valcillo appealed timely.

**DISCUSSION**

A.      *Valcillo Forfeited His Argument of Instructional Error, and Any Such Error Was Harmless*

In criminal cases "a trial court must instruct on general principles of law relevant to the issues raised by the evidence and necessary for the jury's understanding of the case." (*People v. Martinez* (2010) 47 Cal.4th 911, 953.)  We review arguments of instructional error de novo.  (See *People v. Hamilton* (2009) 45 Cal.4th 863, 948 ["[w]e independently review the legal correctness of an instruction"]; *People v. Posey* (2004) 32 Cal.4th 193, 218 ["[t]he independent or de novo standard of review is applicable in assessing whether instructions correctly state the law"].)  We determine whether any instructional error is harmless by examining the entire record.  (*People v. Flood* (1998) 18 Cal.4th 470, 503; *People v. Campbell* (2015) 233 Cal.App.4th 148, 167; *People v. Jandres* (2014) 226 Cal.App.4th 340, 359.)

1.      *Valcillo Forfeited His Argument of Instructional Error*

The trial judge instructed the jury with CALCRIM No. 301, which reads in its entirety as follows:  "[Except for the testimony of _____ <insert witness's name>, which requires supporting evidence [if you decide (he/she) is an accomplice],] (the/The) testimony of only one witness can prove any fact.  Before you conclude that the testimony of one witness proves a fact, you should carefully review all the evidence."  The trial court did not instruct the jury with the bracketed portion of CALCRIM No. 301.  However, in other instructions, the trial judge told the jury that "[t]he defendant may not be convicted of any crime based on his out-of-court statements alone," and that the jury had to "[p]ay careful attention to all of these instructions and consider them together."  (CALCRIM No. 359; CALCRIM No. 200.)

Valcillo argues the trial court erred in failing to give the bracketed portion of CALCRIM No. 301.  He contends the trial court should have given the bracketed language because Deputy Dimmitt's testimony, repeating Valcillo's out-of-court

6

statements, "it's okay, she's mine," required corroborating evidence. Valcillo, however, forfeited this contention.

Whether Valcillo forfeited his argument of instructional error depends on whether the jury instructions without the bracketed portion of CALCRIM No. 301 constituted an incorrect statement of law, or merely an incomplete statement of law. In general, """"a party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language."""" (*People v. Palmer* (2005) 133 Cal.App.4th 1141, 1156; accord, *People v. Carrasco* (2006) 137 Cal.App.4th 1050, 1060-1061; see *People v. Nguyen* (2015) 61 Cal.4th 1015, 1051 ["[i]f defendant believed the instruction was incomplete or misleading, he 'had the obligation to request clarifying language'"].) On the other hand, "'a defendant need not object to preserve a challenge to an instruction that incorrectly states the law and affects his or her substantial rights.'" (*People v. Mackey* (2015) 233 Cal.App.4th 32, 106; see § 1259.) Because Valcillo did not request clarifying or amplifying language, he argues that the omission of the bracketed language of CALCRIM No. 301 resulted in an incorrect statement of the law that affected his substantial rights. (See *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1132 ["the corroboration requirement . . . is a substantial right"].)

Omitting the bracketed portion of CALCRIM No. 301 did not result in an incorrect statement of the law. The trial court instructed the jury with CALCRIM No. 301 in conjunction with CALCRIM No. 359, the latter of which states, "The defendant may not be convicted of any crime based on [his] out-of-court statement[s] alone." Therefore, giving CALCRIM No. 301 without the bracketed portion was at most incomplete, not incorrect; if Valcillo wanted the court to give the bracketed portion of the instruction, in addition to CALCRIM No. 359, he should have asked for it. Because Valcillo did not request appropriate clarifying or amplifying language, he forfeited his argument of instructional error. (See *People v. Palmer*, *supra*, 133 Cal.App.4th at p. 1156.)

## 2. *Any Instructional Error Was Harmless*

Even if Valcillo had not forfeited the argument, any instructional error was harmless because it is not "reasonably probable that a result more favorable to [Valcillo] would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*); see *People v. Jones* (2012) 54 Cal.4th 1, 53 [evaluating instructional error under the "reasonable probability" standard of *Watson*].) An instructional error is harmless where the evidence of guilt is overwhelming. (*People v. Carrington* (2009) 47 Cal.4th 145, 188; *People v. Covarrubias* (2015) 236 Cal.App.4th 942, 954.)

There was overwhelming evidence, other than the out-of-court statement by Valcillo, from which the jury could reasonably find that Valcillo committed a forcible lewd act upon a child. Alondra testified that her assailant's face was exposed during the attack, and she recognized Valcillo. Deputy Jesse Espinoza testified that Alondra identified Valcillo in the back of the patrol vehicle immediately after the attack. Barajas testified that she heard a thump and a scream, after which she saw Valcillo outside the house running away while pulling up his shorts or his pants, and she subsequently found Alondra covered in blood. Tovar testified that he chased after Alondra's attacker, and found it was Valcillo. And Deputy Dimmitt testified that he observed scratches on Valcillo's face immediately following the incident. Given this evidence, even if the court had read the bracketed portion of CALCRIM No. 301 in addition to CALCRIM No. 359, there is no reasonable likelihood that the result of the trial would have been any different. (See *In re Crew* (2011) 52 Cal.4th 126, 150 ["'"[a] reasonable probability is a probability sufficient to undermine confidence in the outcome"'"]; *People v. Superior Court* (*Ghilotti*) (2002) 27 Cal.4th 888, 918 [under the harmless error standard of *Watson*, "probability" means "merely a reasonable chance, more than an abstract possibility"].) Even under the more stringent test in *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*), the error was harmless beyond a reasonable doubt in light of the totality of jury instructions provided and the overwhelming evidence of Valcillo's guilt. Any instructional error was harmless under either standard.

B. *The Trial Court Did Not Err in Imposing a One Strike Sentence*

Section 667.61, also known as the One Strike law, sets forth an alternative sentencing scheme that requires the trial court to sentence a defendant to a specified indeterminate term "where a defendant is convicted of a sex crime enumerated within subdivision (c) of section 667.61, and certain factual allegations are found true, most of which concern the manner in which the offense was committed (§ 667.61, subds. (d), (e))." (*People v. Kelly* (2016) 245 Cal.App.4th 1119, 1126; see *People v. Mancebo* (2002) 27 Cal.4th 735, 738 ["[s]ection 667.61 sets forth an alternative, harsher sentencing scheme for certain forcible sex crimes"]; *People v. Jones* (1997) 58 Cal.App.4th 693, 703 [section 667.61 "requires the trial court to sentence a defendant found guilty of committing a specified sexual offense under specified aggravating circumstances to an extremely lengthy indeterminate term – either 15 years to life or 25 years to life, depending on the particular aggravating circumstances"].) Section 667.61, subdivision (j)(1), provides: "Any person who is convicted of an offense specified in subdivision (c) . . . upon a victim who is a child under 14 years of age under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e), shall be punished by imprisonment in the state prison for life without the possibility of parole."

"As with the Three Strikes law and statutory sentencing enhancements, the jury must first decide whether all the elements of the underlying substantive crime have been proven. If not, it returns an acquittal and the case is over. If the jury convicts on the substantive crime, it then independently determines whether the factual allegations that would bring the defendant under the One Strike sentencing scheme have also been proven." (*People v. Anderson* (2009) 47 Cal.4th 92, 102.)

Valcillo contends that the trial court erred by imposing a One Strike sentence on count 1 because the jury did not separately find Alondra was under the age of 14. Valcillo acknowledges that the jury found true the three One Strike allegations that the crime involved infliction of great bodily injury, use of a dangerous or deadly weapon, and was committed during a burglary. (See § 667.61, subds. (d)(4), (d)(6), (e)(2), (e)(3).) He

9

argues, however, that "the jury was not asked to find, and did not find, the victim was under the age 14 which was a separate factual allegation for each of these three sentencing factors under the One Strike law to apply."

        1.        *Valcillo Waived Any Objection to the Form of the Verdict*

In general, failure to object to the form of the verdict at trial results in a waiver of a challenge to the verdict form. (See *People v. Jones* (2003) 29 Cal.4th 1229, 1259; *People v. Bolin* (1998) 18 Cal.4th 297, 330-331; *People v. Toro* (1989) 47 Cal.3d 966, 976, fn. 6 ["[a]n objection to jury verdict forms is generally deemed waived if not raised in the trial court"], disapproved of on another ground by *People v. Guiuan* (1998) 18 Cal.4th 558, 568; see also *Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 265 ["'[a]n objection to a defective verdict must be made before the jury is discharged'"].) The purpose of this rule is "'that a party should not sit on his or her hands, but instead must speak up and provide the court with an opportunity to address the alleged error at a time when it might be fixed.'" (*People v. Anzalone* (2013) 56 Cal.4th 545, 550.)

Valcillo did not merely "sit on his hands" at trial, or merely fail to object to the verdict form, but affirmatively stipulated to the verdict form he now challenges. Counsel for Valcillo stipulated that the guilty verdict for count 1 did not need to include a separate enhancement allegation finding that Alondra was under the age of 14. Counsel for Valcillo stated he was entering into the stipulation because Alondra's age was "not an issue." By stipulating that the guilty verdict form on count 1 did not need to ask the jury to find Alondra was under the age of 14, Valcillo waived any argument that the verdict form should have asked the jury whether Alondra was under the age of 14. (See *People v. Jones, supra,* 29 Cal.4th at p. 1259; *People v. Bolin, supra,* 18 Cal.4th at p. 330.)

Valcillo argues the waiver exception in *In re Birdwell* (1996) 50 Cal.App.4th 926 applies. In *Birdwell* the court "carved out a limited exception" to the rule that failure to object to a defect in the verdict form waives a challenge to the defect "where the defect in the verdict forms is the omission of the degree of the crime, because this results in an unauthorized sentence." (*People v. Jones*, *supra*, 58 Cal.App.4th at p. 715, citing

10

*Birdwell*, 50 Cal.App.4th at pp. 930-931.) The *Birdwell* exception does not apply here because this case does not involve a verdict form that failed to include a degree for the substantive offense. The portion of the verdict form Valcillo challenges on appeal does not concern a substantive offense at all.

Finally, Valcillo argues that a "defendant must personally waive his right to a jury trial on sentencing allegations," and that his "[t]rial counsel's waiver is not sufficient." Valcillo, however, had a jury trial on the One Strike sentencing allegations; his trial counsel did not waive his right to such a trial. Trial counsel for Valcillo waived any objection to the form of the verdict on the ground that the findings on the One Strike allegations did not include a (second) finding that Alondra was under the age of 14.

<h3 style="text-align:center">2.      *Any Defect in the Verdict Form Regarding the One Strike Sentencing Enhancement Was Harmless*</h3>

Under *Watson*, *supra*, 46 Cal.2d 818 any error in the verdict form is harmless if it is not reasonably probable that Valcillo would have obtained a more favorable result had the verdict form required the jury to find, after finding Alondra was under the age of 14 for the purpose of convicting him of forcibly committing a lewd act upon child, that Alondra was under the age of 14 for the purpose of the One Strike allegations. Under the more stringent *Chapman* harmless error standard, an error in the verdict form is harmless if the People show that the error was harmless beyond a reasonable doubt. (*Chapman*, *supra*, 386 U.S. at p. 24.)

The People argue that the harmless error standard of *Watson* applies to errors in the verdict form. (See *People v. Estrada* (1997) 57 Cal.App.4th 1270, 1276 [*Watson* harmless error standard applied to submission of ambiguous jury form on special sentencing allegations under One Strike law]; *People v. Jones*, *supra*, 58 Cal.App.4th at pp. 715-716 [*Watson* test applied to error in verdict forms]; *People v. Trotter* (1992) 7 Cal.App.4th 363, 370-371 [*Watson* standard applied to clerical error in verdict form].) Valcillo, without distinguishing between the harmless error standards of *Watson* and

*Chapman*, simply argues that the error here was not harmless. We conclude that any error in connection with the verdict form was harmless under either standard.

The undisputed evidence, which included Alondra's testimony and medical records, was that she was under the age of 14 at the time the crimes were committed. Valcillo presented no evidence disputing Alondra's age, and Valcillo's trial counsel even conceded that "[Alondra's] age is not an issue." Had the verdict form included a second place for the jurors to indicate Alonda was under the age of 14, it is beyond any reasonable doubt they would have done so. Any error in failing to include a separate finding in the verdict form that Alondra was under 14 was harmless beyond a reasonable doubt. Therefore, the trial court properly imposed a One Strike sentence under section 667.61.

## DISPOSITION

The judgment is affirmed.


SEGAL, J.


We concur:



ZELON, Acting P. J.



GARNETT, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.