Filed 8/2/16  P. v. Flores CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B264590 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA092138) |
| v. | |
| JOSE ANTONIO FLORES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Darrell S. Mavis, Judge.  Affirmed as modified.

J. Kahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Jose Antonio Flores was convicted by a jury of sexually molesting two children under age 14 (Pen. Code, §§ 288, subd. (a) [counts 1 & 4]),[1] and a third under age 16 (§ 289, subd. (i) [count 2]). In this appeal from the judgment, he contends that count 2 is time-barred. We conclude it was timely filed within the extended limitations period of section 803, subdivision (f)(1). The judgment, as modified to correct errors in the sentence and presentence credit, is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

In late 2013, Detective Michael Silva of the Los Angeles County Sheriff's Department received a suspected child molestation report concerning appellant's teenage granddaughter, O. Silva conducted an investigation, during which he discovered three other child molestation victims who are now adults: appellant's former neighbor Ana; appellant's daughter M. (aunt of O.); and appellant's niece A.

As to O. (count 1) and Ana (count 4), appellant was charged with committing a lewd act upon a child under age 14 (§ 288, subd. (a)), with special allegations under the One Strike law (§ 667.61 subds. (e)(4) [multiple victims] and (j)(2) [victim under age 14]). As to M. (count 2), he was charged with sexual penetration by a foreign object upon a child under age 16, by a person over the age of 21 (§ 289, subd. (i)). Count 3, also regarding M. (§ 288, subd. (c)(1)), was dismissed before trial on statute of limitations grounds.

At trial, O., age 17, testified that while spending the night at defendant's home when she was five years old, she had awakened to find defendant next to her in bed, with his hand on her vagina beneath her clothing. She told her mother, who ended defendant's visits, but did not file a police report. O. first reported the incident to police in 2013.

M., born in 1974, testified that defendant had molested her on two occasions when she was living at home. The first incident—the basis for count 2—occurred when her grandparents were visiting and using her bedroom. M., then age 14 or 15, was sleeping

---

[1] All statutory references are to the Penal Code.

2

on a rollaway bed in her parents' bedroom. She testified, "I woke up to [find] my dad sitting on the floor beside my bed with his hand and his fingers in my vagina." M. told her mother, and about an hour later, defendant admitted to M. that he knew "what he did and he shouldn't have done that." The second incident—admitted at trial under Evidence Code section 1108, subdivision (a)[2]—occurred about a month or two later. M. testified, "I was asleep, and I felt him right away, and that's when he took his hand out, and I am like, 'What are you doing? What's going on?' And then he got up and left." "I wasn't in such deep sleep as I was before, as the first time I felt his hand and that's what woke me up, and he didn't actually go all the way in the way he did the first time. And that's when I woke up and started saying, 'What are you doing?'" M. did not tell her mother about the second incident because nothing had been done about the first.

Ana, born in 1993, testified that as an eight-year-old, she had been approached by defendant while riding her bicycle. He offered to push her bicycle, and, while doing so, began stroking her thigh and touching her vagina. Ana reported this to her mother. Her father immediately confronted defendant and notified police, but no charges were filed. A social worker recommended that they move, which they did. Ana received a call from Detective Silva about a year before trial.

A., born in 1993, testified as to uncharged offenses. During a visit to her grandparents' home in Mexico when she was eight years old, she had been molested by appellant. While teaching her to draw, appellant had stroked her leg, touched her vagina and asked if she liked it. She reported the incident to her grandmother and brother. The following morning, A. was asleep when appellant came into her bedroom. She was awakened by the fondling of her breasts and vagina under her clothing. She told him to leave, which he did. About two months after returning home, A. told her parents about

---

[2] "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." (Evid. Code, § 1108, subd. (a).)

these incidents. Her father confronted appellant and contacted local police, but was told nothing could be done about an incident in Mexico.

Appellant testified in his defense. He expressly denied touching O.'s vagina or leg, inserting his fingers in M.'s vagina, touching Ana's vagina, stroking A.'s knees, thighs, or vagina, or entering her bedroom to fondle her bare breasts or vagina. On cross-examination, appellant denied making statements to police about touching O.'s vagina, confessing to his wife that he had touched M., or acknowledging to M. that he had done something wrong. He recalled seeing a bicycle outside Ana's house, attending the family gathering in Mexico, being confronted by the fathers of A. and Ana, and pinching M.— who was in bed—on the buttocks and being admonished by his son, "'Don't do that. Let her go to sleep.'"

The jury found appellant guilty of counts 1, 2, and 4, and found the allegations under the One Strike law to be true. On count 1, he received concurrent sentences of 15 years to life (§ 667.61, subd. (b)) and 25 years to life (§ 667.61, subd. (j)(2)). The court imposed an identical concurrent sentence on count 4, plus a consecutive two-year sentence on count 2. Appellant received 553 days of presentence credit, consisting of 481 days of custody credit, and 72 days of conduct credit. He filed a timely appeal.

## DISCUSSION

Appellant contends that count 2 is time-barred, and that his sentence and presentence credit must be corrected. We agree only with the latter contention.

## I

Although count 2 was filed beyond the six-year limitations period of section 800, it is not untimely if it was filed within the extended limitations period of section 803, subdivision (f). That one-year period begins on the date when a person of any age reports "that he or she, while under 18 years of age, was the victim of crime described in Sections 261, 288, 288a, 288.5, or 289, or Section 289.5, as enacted by Chapter 293 of the statutes of 1991 relating to penetration by an unknown object." (§ 803, subd. (f)(1).) The extended filing period applies if all of the following requirements are met: "(A) The

4

limitation period specified in Section 800, 801, or 801.1, whichever is later, has expired. [¶] (B) The crime involved substantial sexual conduct, as described in subdivision (b) of Section 1203.066, excluding masturbation that is not mutual. [¶] (C) There is independent evidence that corroborates the victim's allegation. If the victim was 21 years of age or older at the time of the report, the independent evidence shall clearly and convincingly corroborate the victim's allegation." (§ 803, subd. (f)(2).)

The first two requirements of the extended filing period are not at issue in this case. Appellant challenges the sufficiency of the evidence to satisfy the third requirement, independent evidence that "clearly and convincingly" corroborates M.'s allegation.[3] (§ 803, subd. (f)(2)(C).)

The prosecution's reliance on uncharged offenses to satisfy the corroboration requirement is permissible, particularly in sexual misconduct cases. (See *People v. Ruiloba* (2005) 131 Cal.App.4th 674, 682 ["[e]vidence of uncharged sexual misconduct that is admissible under Evidence Code section 1108 may be used to corroborate a victim's allegation"].) *People v. Escudero* (2010) 183 Cal.App.4th 302 (*Escudero*) is illustrative. In that case, the appellant challenged the admission of evidence of prior sexual assaults against older victims, arguing the prior incidents had no "tendency in reason to prove he had the propensity to commit lewd and lascivious acts against a young girl when she was seven years old . . . ." (*Id.* at p. 311.) In rejecting this contention, the appellate court explained that "'evidence of uncharged sexual offenses is so uniquely probative in sex crime prosecutions,'" it is "'presumed admissible without regard to the limitations of Evidence Code section 1101' (*People v. Yovanov* (1999) 69 Cal.App.4th 392, 405)." (*Id.* at p. 310.) Notwithstanding the ages of the victims, the offenses were relevant to prove propensity and intent: "[T]he evidence demonstrated that defendant took advantage of vulnerable females regardless of their ages, sexually assaulting them when it was particularly risky to do so. Accused of molesting a girl when she was seven years old, defendant was shown to have also sexually assaulted teenage girls and two

---

[3] Respondent concedes the failure to raise this issue below does not constitute a forfeiture of the issue on appeal.

adult women. This other sex crimes evidence was highly probative of his intent to touch the young girl for sexual gratification, thus dispelling any notion that the touching was the result of accident or mistake. Defendant is simply wrong in claiming that, '[o]ther than sheer speculation, the record is devoid of evidence showing that a man who allegedly forcibly and sexually assaults adult women also would be inclined to sexually molest a young child.' As illustrated by this case, persons with deviant sexual urges do not always limit their sex crimes to victims of the same age group. Thus, evidence of a defendant's sex offenses against adult women is probative to the question of the defendant's guilt of committing sex crimes against a young girl. We also conclude that testimony regarding his sexual molestation of teenage girls was properly allowed into evidence." (*Id.* at p. 306.)

It is precisely because uncharged sex crimes are probative of a defendant's disposition to commit sex crimes that their admission dramatically increases the odds of conviction. (*People v. Villatoro* (2012) 54 Cal.4th 1152, 1165–1167 [approving jury instruction allowing jurors to "'infer the defendant has a disposition to commit sex crimes from evidence the defendant has committed other sex offenses,'" and acknowledging that "jurors 'may—but are not required to—infer from this predisposition that the defendant was likely to commit and did commit the charged offense.'"].) A.'s testimony regarding defendant's behavior was highly probative of his disposition and intent in this case.

Appellant argues that due to the lack of similarity between the uncharged and charged crimes, A.'s testimony did not corroborate M.'s allegation. He points to the disparities in age (A. was molested at age eight; M. was molested at age 14 or 15), location (A. was molested in Mexico, M. in the United States), and nature of the crime (only M. was penetrated). Appellant also argues that Angelika's testimony was "ambiguous."

We find that Angelika's testimony clear and unequivocal, not ambiguous. Notwithstanding appellant's efforts to distinguish the events described by A., the evidence of the uncharged and charged offenses was strikingly similar. In each instance, a young girl was asleep at the home of a relative, making her accessible to appellant and

6

vulnerable to molestation. The second incident described by M.—because she awakened while appellant was fondling her, he left before penetration occurred—mirrored the circumstances described by A. By providing independent evidence of appellant's disposition to molest a young sleeping female at the home of a relative, A. provided clear and convincing corroboration of M.'s testimony. (*Escudero*, *supra*, 183 Cal.App.4th at pp. 305–306.) Accordingly, count 2 was timely filed within the extended limitations period of section 803, subdivision (f).

II

The One Strike law "was enacted to ensure that serious sexual offenders receive long prison sentences regardless whether they have any prior criminal convictions. (*People v. Wutzke* (2002) 28 Cal.4th 923, 926, 929.)" (*People v. Luna* (2012) 209 Cal.App.4th 460, 465.) The trial court does not have discretion to strike any of the "circumstances specified in subdivision (d) or (e)." (§ 667.61, subd. (g); see *People v. Jackson* (1998) 66 Cal.App.4th 182, 193–194.)

The One Strike law applies to violations of sections 288, subdivision (a) (count 1) and 289 (count 4). (§ 667.61, subd. (c)(8), (c)(5).) As to both counts 1 and 4, the jury returned true findings under subdivision (e)(4) of section 667.61—finding that appellant was convicted of committing an offense specified in subdivision (c) against more than one victim—and subdivision (j)(2) of section 667.61—finding that appellant was convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a child under age 14.

On counts 1 and 4, the trial court imposed a term of 15 years to life under subdivision (b), which provides: "Except as provided in subdivision (a), (j), (l), or (m), any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 15 years to life." (§ 667.61, subd. (b).) It also imposed a second term of 25 years to life under subdivision (j)(2): "Any person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e),

7

upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life." (§ 667.61, subd. (j)(2).)

Appellant contends the trial court erroneously doubled his punishment, which should have been limited to a single term of 25 years to life on each count, 1 and 4. Respondent concedes the issue. We conclude the trial court erred. According to the unambiguous language of subdivision (b), a defendant who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) is subject to a term of 15 years to life "[e]xcept as provided in subdivision . . . (j)." (§ 667.61, subd. (b).) Read together, subdivisions (b) and (j)(2) of section 667.61 do not allow the court to double the punishment on each count, as occurred here.

Because the sentence imposed on counts 1 and 4 is erroneous, it is subject to correction on appeal as an unauthorized sentence. (*In re Renfrow* (2008) 164 Cal.App.4th 1251, 1256.) We therefore remand with directions to correct the abstract of judgment to reflect a corrected sentence of 25 years to life on count 1, and a concurrent sentence of 25 years to life on count 4.

Appellant argues, and respondent agrees, that he is entitled to 24 additional days of presentence credit. The record shows that appellant is entitled to 500 days of custody credit for the period between his incarceration on January 17, 2014, and sentencing on June 2, 2015. Given the 15 percent limitation on conduct credit, appellant is entitled to an additional 75 days (§§ 2933.1, subd. (a), 667.5, subd. (c)(6), (c)(11)), for a total credit of 575 days. Because "[c]omputational errors of this kind result in an unauthorized sentence, and are subject to correction by the trial court or the appellate court when presented" (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764), we remand with directions to correct the abstract to reflect a total credit of 575 days.

## DISPOSITION

The matter is remanded with directions to correct the abstract of judgment to reflect a corrected sentence of 25 years to life on count 1, and a concurrent sentence of 25 years to life on count 4. The abstract of judgment is also to be corrected to reflect 575

8

days of presentence credit.  The clerk is directed to forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

COLLINS, J.

9